## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:19-CV-00484-GCM

KAMI MCCOY,

          Plaintiff,

v.

          **ORDER**

ANDREW M. SAUL,

          Defendant.

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment (ECF Doc. 12) and Defendant's Motion for Summary Judgment (ECF Doc. 14), as well as the parties' briefs and exhibits.

These motions are ripe for review, and the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment; grant Defendant's Motion for Summary Judgment; and affirm the Commissioner's decision.

### I.      PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs. Plaintiff filed the present action on September 26, 2019. She argues that the Administrative Law Judge ("ALJ") did not support her residual functional capacity[1] ("RFC") assessment with substantial evidence and

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

that the ALJ failed to reconcile the opinion evidence with her RFC findings, thereby preventing the ALJ's decision from being supported by substantial evidence.

## II.    DISCUSSION

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); see also *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).  The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  In *Smith v. Heckler*, the Fourth Circuit noted that "[s]ubstantial evidence has been defined as being 'more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson*, 402 U.S. at 401); *see also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see*

*also Smith v. Schweiker*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome, so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

The question before the ALJ was whether Plaintiff became disabled at any time.[2] The Court has carefully reviewed the record, the authorities, and the parties' arguments.

Plaintiff first argues that the ALJ failed to properly perform a function-by-function analysis for her RFC assessment. There is no per se rule requiring remand if the function-by-function analysis is not explicit. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). However, it may be appropriate to remand "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). The ALJ should discuss the evidence and build an accurate and logical bridge from the evidence to her conclusion. *Monroe v. Colvin*, 826 F.3d 176, 189–91 (4th Cir. 2016). But the ALJ is not required to discuss every piece of evidence in formulating her RFC. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865–66 (4th Cir. 2014).

In making her RFC assessment, the ALJ limited Plaintiff to light exertional work, to frequent but not constant or continuous exposure to workplace hazards such as moving machinery or unprotected heights, and to no more than occasional climbing of ropes, ladders, or scaffolds. ECF Doc. 10-3 at 23. The ALJ found that Plaintiff could frequently climb stairs and ramps. *Id.* The ALJ further limited Plaintiff to simple, routine work and noted she could understand, follow, and remember instructions, and she could sustain simple work for at least two-hour intervals in an

---

[2] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Pass v. Chater*, 65 F. 3d 1200, 1203 (4th Cir. 1995).

eight-hour workday of concentration, persistence, or pace, at a nonproduction rate. *Id.* Plaintiff was further limited to occasional interaction with the general public, coworkers, and supervisors, and she was limited to few workplace changes. *Id.* The ALJ explained her reasoning for each aspect of the RFC assessment, which was consistent with the evidence in the record. *Id.* As already noted, the ALJ is not required to discuss every piece of evidence, so the mere fact that the ALJ did not reference every piece of evidence does not give cause for remand.

Plaintiff maintains that the ALJ failed to adequately discuss the medical evidence she relied upon in making her RFC assessment. However, the ALJ explained Plaintiff's physical and mental impairments and explained her reasoning behind the various weights given to medical opinions. *See id.* at 23–24. "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." *Dunn v. Colvin*, 607 F. App'x 264, 267 (4th Cir. 2015) (internal citations omitted) (quoting *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992)). The ALJ gave substantial weight to the medical opinion of consultative examiner Dr. Epps and gave partial weight to three State Agency ("SA") medical consultants. ECF Doc. 10-3 at 23. For each of these opinions, the ALJ provided an explanation of her reasoning and the inconsistencies in the SA opinions. *Id.* The ALJ gave partial weight to the SA psychological consultant Dr. Leaf and explained that the record indicated Plaintiff had fewer limitations in some mental areas. *Id.* The ALJ gave little weight to the opinion of SA psychological consultant Dr. Salandy because the ALJ found that her opinion of Plaintiff having no severe mental impairments was wholly inconsistent with the objective and subjective evidence. *Id.* at 24.

As to Plaintiff's contention that the ALJ did not adequately explain why Dr. Britt's opinion merited little weight, the Court disagrees. The ALJ provided ample analysis on her decision to give little weight to the opinion of psychological consultative examiner Dr. Morris Britt. The ALJ explained that Dr. Britt's conclusion regarding Plaintiff having very poor concentrative abilities ran contrary to Dr. Britt's own observations that Plaintiff was able to participate in her examination and that she improved as the examination continued. *Id.* In combination with this finding, the ALJ also noted that Dr. Britt's opinion as to Plaintiff's concentrative abilities was inconsistent with the other objective medical evidence contained in the record, which the ALJ had already explained in some detail. *Id.* The ALJ provided adequate explanations regarding the weight she gave to various medical opinions.

Plaintiff also argues the ALJ did not sufficiently explain her finding that Plaintiff's subjective statements were inconsistent with the objective medical evidence. An ALJ's credibility determination is entitled to great deference. *Shively v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984). The ALJ did not primarily rely on Plaintiff's marijuana use to support her negative conclusions regarding the consistency of Plaintiff's statements with the evidence, as Plaintiff suggests. *See* ECF Doc. 10-3 at 22–23. Rather, the ALJ also noted that Plaintiff maintained sufficient relationships with others including members of church, attended group therapy sessions without issues, and took trips to New York. *Id.* at 23. Following these observations, the ALJ found that Plaintiff's statements about intensity, persistence, and limiting effects of her symptoms were inconsistent with the objective medical evidence contained in the record. *Id.*

Moreover, noncompliance with prescribed medication regimens can indicate lack of credibility where there is no good reason for failing to follow the treatment regimen. *Dunn*, 607 F. App'x at 275; *see also Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1984) ("If a symptom

can be reasonably controlled by medication or treatment, it is not disabling."). Here, the ALJ noted that Plaintiff had begun seeking therapy, but not regularly. ECF Doc. 10-3 at 22. The ALJ also noted that Plaintiff was purchasing marijuana, while claiming she did not have money to purchase her medications. *Id.* at 23. This reasoning, too, supports the ALJ's credibility findings. In sum, the ALJ discussed her assessment of Plaintiff's ability to perform relevant functions, discussed Plaintiff's contradictory testimony, and concluded that Plaintiff's statements were inconsistent with the objective evidence. The ALJ's credibility determination is entitled to deference, and her finding that Plaintiff's statements were inconsistent with the objective evidence provides adequate reasoning to conclude her decision is supported by substantial evidence.

Lastly, the Court has already noted that substantial evidence supports the ALJ's finding that Dr. Britt's opinion merited little weight. The fact that the ALJ did not explicitly discuss Dr. Britt's opinion that Plaintiff would be limited to work in a sheltered work environment does not frustrate meaningful review. The ALJ provided adequate reasoning to support her finding that Dr. Britt's opinion was inconsistent with his own examination and with the other objective evidence on the record. The ALJ did not fail to reconcile the opinion evidence with her RFC findings, and substantial evidence supports her decision.

### III. ORDER

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Motion for Summary Judgment (ECF Doc. 12) is **DENIED**; Defendant's Motion for Summary Judgment (ECF Doc. 14) is **GRANTED**; and the Commissioner's decision is **AFFIRMED**;

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: March 29, 2021

Graham C. Mullen
United States District Judge